And we'll move to our sixth case, I'm sorry, fifth case this morning in Ray Donald Harshaw and I believe both counsel are on Zoom. I see Mr. Phillips. Yes, good morning. Good morning. And I see Miss, is it Ramachi? It is, good morning. All right, Mr. Phillips, you may proceed. Thank you. And may it please the court, I'm David Phillips and I'm here today to represent Elizabeth Anna Harshaw in what is, I believe, a bit of an unusual case. It arises out of a long-term cohabitation and was filed in the state court of Indiana based upon equitable principles of unjust enrichment, express an implied contract, and often narrow it. The case took a turn when counsel agreed to submit the case to binding arbitration and we did. We had an arbitration hearing and the arbitrator issued a really lengthy opinion. And in that opinion, he made an award to Ann of $435,000 and also specified the manner and means of payment of this judgment and particularly required him to sign documents conveying an interest in her, in his retirement accounts under the penalties of contempt of court. So, in the bankruptcy case and certainly I suppose before this court, the parameters of what we're looking at are under federal law, federal law determines what's a dischargeable debt, but courts look to state law to determine property interest. And so our allegation has been and continues to be that the arbitration award did in fact create a property interest based on the way it was drafted and based upon the remedies that the arbitrator ordered and were adopted by the court. And so from there, the case went to the court of appeals where Mr. Harshaw challenged the case, challenged the arbitration award based upon misapplication of the, or arguing that there should have been an application of EDM as a... I'm sorry, I'm having trouble hearing you, Mr. Phillips. I'm so sorry, Your Honor. I'll do better. In any event, the argument before the court of appeals from Mr. Harshaw was that this arbitration award was void as against public policy because of the remedies that have been imposed and also that it should be evaluated under Indiana's domestic relations arbitration statute, which is an entirely different animal from the general arbitration statute that we proceeded under. We obviously could not proceed under the dissolution of arbitration statute because these people aren't married. So in any event, we have this award and it was affirmed in relevant parts by the Indiana court of appeals, rejecting defendant's arguments, having to deal with the inappropriateness of remedies and the idea that it was void. Mr. Phillips, can I ask you a couple of questions? Sure. Let's imagine the arbitrator's award and the judgment confirming it read a little differently and they simply said Elizabeth Ann Harshaw is entitled to half of Mr. Harshaw's retirement account. Does an arbitrator generally under Indiana law have the power to order an otherwise exempt retirement account to be transferred from a debtor to a creditor? Well, I think so, Your Honor, and I would point to Indiana Code section 34-57-2-13A, which reads, the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award. So a debtor who agrees to arbitration in Indiana, as you read it, is giving up those exemption rights? Well, I think what he's doing is opening the door to that possibility. I'm sorry? Yes, that's what I'm saying, that he's giving up that exemption. Yeah, and certainly the possibility of the arbitrator awarding it, sure, because the review of an arbitration award is very limited and does not include re-evaluation of the merits of the case, and that's how the Indiana Court of Appeals comments. I believe I'm agreeing with you. I perhaps didn't understand your comments, so I apologize. No, no. So that was based on the assumption that the arbitrator's award had been written differently. What I'm struggling with on your side of the case here is the language the arbitrator actually used, which at least in places is very, very clear as a money judgment and then specifies different ways in which that might be satisfied. And I'm struggling with how to interpret that as, in essence, a direct property interest for your client, Ms. Harshaw. Yeah, and I certainly understand that that's an argument that we've been through on the many levels of this case. I guess I would say that I don't necessarily agree with the characterization of this as a money judgment because I don't see the word money judgment in the actual award. It is hereby awarded the sum of $435,000. I wrote a lot of judgments as a trial judge, and that's pretty much the language I'd use. I understand. And I think, though, in a divorce court in Indiana where we would be talking about the division of pensions, which obviously the divorce courts certainly can, I think we would see similar language because these retirement accounts can either be split by the court ordering a percentage, typically of the coverture value, or in a finite sum. But this was not a divorce action. I agree 100% with you on that. So whatever remedies might be available in a divorce action are not at issue here. I agree. I was trying to respond to the question, and perhaps I did it inartfully. I guess the bottom line point to me is we have this award. It says what it says. It's been confirmed by the Indiana Court of Appeals. And if indeed we have enforceable language requiring the transfer of a specific asset, then what do we do with it? Because it's not invalid. It's a valid court order. And so because, again, this is an unusual setting with an arbitrator awarding something that is out of the norm but still legal and proper, we have to look at analogies and the best analogies to what happens here with the divorce cases. Well, isn't it invalid to the extent that it orders this property division pursuant to a qualified domestic relations order? Because the arbitrator didn't have any authority to award that form of relief. Your Honor, I think that's absolutely right when it comes down to whether it should be transferred by a quadro, because I don't think that could happen. But the fact of the matter is this is an IRA, and an IRA absolutely can be transferred by an ancillary order. The reason the quadros can't be issued is because they're governed by ERISA and the very specific language here. But we have much broader and easier power to convey a portion of an IRA. But my point remains that to the extent that there appears to be an additional remedy beyond a money judgment here in the form of a transfer of an asset, the arbitrator did not have any authority to issue that relief because this is not a divorce action. That relief is not available to cohabiting couples. All that is available is a suit for money damages on a quantum merit or implied contractual theory, and that's what was awarded here. So to the extent that there are extraneous words in this arbitration award that the arbitrator was powerless to utter or that had no force and effect of law under Indiana law, then we're left with the money judgment. Well, I think that would be true if this was actually decided by a state court. I think what separates it is the breadth of what an arbitrator is entitled to do. And I mentioned in the statute before that the fact that relief was such that a court couldn't order doesn't invalidate the arbitration award. So we still have this language. I'm not suggesting that the award is invalid in its entirety. Quite the contrary. The money judgment appears to be valid, but it's got a different character in bankruptcy court once the extraneous unlawful part of the award is excised. The part pertaining to property division, because the arbitrator isn't sitting in the stead of a divorce court. This isn't a divorce action. I certainly understand Your Honor's point, and this has been the bone of contention throughout the case. We're analogous, I think, to a divorce case in terms of the remedy. The remedy is appropriate under the arbitration statute. So, for example, the district court looked into Indiana law as to equitable remedies and found them not to be appropriate because these people aren't married. And I think invalidating the provisions, the operative provisions of the arbitration award without real basis, looking under the hood of the arbitration award is not really appropriate. It stands as it is. And the question is what that means in terms of creating a property interest. Understood. Thank you. Thank you, Your Honor. You may proceed. Good morning. May it please the Court. I think I'm going to approach this a little bit differently based on the questions that were just asked of the appellant here. There are all kinds of reasons why the state court and the arbitrator didn't have the authority to award $435,000 of Donald's pension to Ann or to order a quadro or an assignment of a pension or retirement benefits to be executed. These reasons are all laid out in the briefs, and I won't go through each and every one of them. However, I will say regardless of the authority to make such an award of the pension or retirement benefits, that the arbitration order itself nowhere actually awarded to Ann a vested interest in Donald's pension. So the issue of whether the state court could or the arbitrator could award the pension or retirement benefits as a remedy to Ann's action is pretty irrelevant because it did not actually do that. Likewise, why would the state court— Well, the arbitrator—Ms. Rabaci, if I could interrupt for a moment. The arbitrator did order the parties to execute all manner of documents, deeds, titles, papers, and instruments, et cetera, to carry out the terms and provisions of the order. And the arbitrator's order is extensive beyond the money judgment part of it in terms of attempting a property division of sorts, as if the arbitrator were sitting in the stead of the divorce court, which this wasn't a divorce action. I would agree. I believe that Your Honor is pointing to provision found in paragraph 56 that talks about each of the parties' further order to execute all titles, deeds, documents, and papers, or instruments, or anything else necessary to carry out the terms and provisions of this court order. Right, including the documents necessary to transfer the pension or retirement benefits. Well, we would argue that that is not in fact what they're referring to here, because if you look at the portion of the next paragraph down, it states the defendant is specifically ordered to execute a qualified domestic relations order if the same is allowed and or approved by the court. So this isn't a self-executing provision in here. They would have to return to the court in order to get the court to order that such a document needs to be signed. And would the court have that authority? They would not. Right, so the validity of parts of this arbitration award is clearly in question. I mean, we're here about what kind of treatment the bankruptcy court should give this Frankenstein monster. A jackalope. Okay. Lots of ways of characterizing this. It's got far too much in it for the type of proceeding that the arbitrator was asked to decide. It goes well beyond the scope of what the arbitrator was asked to decide. But could you address the statutory reference that Mr. Phillips gave us a few minutes ago, which specifies grounds for setting aside an arbitration award, but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award. Any idea how that fits together with the statutory exemption of retirement accounts for execution of judgments? Well, Your Honor, as far as the statute goes, I believe that statute was what was looked at in this city school in Chicago case that was referenced by for the proposition that an Indiana arbitrator is not constrained in fashioning remedies as long as they do not contribute. I'm sorry. I'm having trouble hearing you as well. We're getting some echoes somewhere in cyberspace here. Okay. I will try to speak a little louder. Is that better? Thank you. Yes. I would point out that this case here, though, doesn't stand for the proposition that an arbitrator can enter any type of award that he so chooses just because the parties agreed to arbitrate. The arbitrator still has to have jurisdiction over the matter that is before the court and before the arbitrator. And in this case, Donald's exempt pension was never an issue as far as being a race or a pot of anything that the arbitrator was charged with trying to divide or award. In fact, that's how do we know that? I beg your pardon? How do we know that? Because this is a this is a state court action for Guantanamo. And this is wasn't this wasn't a marital dissolution case. There was nothing. There was no statutory basis for bringing Donald's exempt assets or any assets, for that matter, into the state court. Well, that's I mean, that that answer seems to beg the question, though. Right. Because we have a pretty broad arbitration statute. And we have we have this provision that says an arbitrator can do things that a court could not and a court will still enforce. Now, I'm I have this is new new to me. It may have been new to both of you as well. But. I'm having trouble finding the limit on the arbitrator's authority if he had if he exercised it clearly to to divide the pension, the retirement account. Yes, I think we have to look back at the language that was used in the actual order. And in here, I don't believe that there's any language that's found that actually divides or awards the pension to Mrs. Harshaw. They that the award is for a money judgment in the amount of four hundred thirty five thousand dollars and then specifies different ways that a payment can be different ways that the judgment can be satisfied different payment sources. And one of those are is going to be the the pension or the other retirement benefits that were in here. But again, I go back to the fact that this isn't a self effectuating provision in here. It's not an award of the property. It says that they will execute documents in order to make a payment on the judgment. Well, the arbitrator actually goes beyond that. He does say that the payment of the amount, the four hundred thirty five thousand dollars, shall be accomplished by the defendant either through the assignment of his pension and or retirement benefits or by qualified domestic relations order to be approved and effectuated by order of the court and or by payment in any other manner acceptable to both parties. Correct. So there was a number of things that were listed in there saying that, yes, as alternatives, as alternatives. Right. And, you know, Mr. Phillips is contending that transfer of pension is one of those. And that means that this asset falls outside the bankruptcy estate. Right. But this is a collection mechanism that is being put in here. They're saying that the judgment can be collected against the pension. When Donald filed his bankruptcy petition that cut off and the ability to try to collect the judgment. So whether or not these provisions in here saying that the pension can be used to satisfy the judgment become irrelevant when the bankruptcy is filed. And the claim or the judgment of that Anne Held went into the bankruptcy and the debt that was owed by Donald personally to Anne went into the bankruptcy and became subject to discharge. Could you clarify something for me about the statutory scheme for this arbitration? Is the statute specific to arbitration in this context or is that provision that seems to say that arbitration is something of a law free zone in Indiana? Is that uniformly applicable to all arbitrations? You know what? I am not in a position to answer that. I don't know the answer to that. It's Indiana's enactment of the Uniform Arbitration Act. So this could get interesting. Maybe this case just took on all kinds of consequences that none of us anticipated. You can wrap up. I cut into your remaining thoughts. Oh, that's okay. Just in summary, we would ask the court to uphold or affirm the district court's finding that the arbitration order plainly and clearly awarded and a money judgment against Donald in the amount of $435,000 and that that judgment constitutes a debt subject to Donald's bankruptcy. Thank you very much. Thank you. Okay, Mr. Phillips. Your Honor, I believe I may have used all my time inadvertently. You did. I'd be happy to answer any questions the court has. All right. Any further questions for Mr. Phillips? Apparently not. Thank you very much. Thanks to both counsel. The case is taken under advisement.